Opinion delivered March 1, 1884

[No. 1584.]

## C. F. Rather *v.* The State.

1. Indictment—Pleading.—The offense denounced by Article 110 of the Penal Code is the pursuing of any occupation, calling, or profession, without having first obtained a license therefor. An indictment, to charge such offense, must charge the actual following of such an occupation without having first obtained license.

2. Same.—Where, as in offenses of this character, the penalty is regulated by the amount of taxes due, the indictment should specifically aver the amount so due. See the opinion for an indictment *held* insufficient.

APPEAL from the County Court of Gonzales.    Tried below before the Hon. J. S. Conway, County Judge.

The conviction was on an indictment which charged the sale of medicated bitters without license.    The penalty imposed was a fine of three hundred dollars.

The testimony showed the sale of an article known as Carolina Tulu Tonic, which, the purchaser testified, tasted like whisky, rock candy and cinnamon bark, and which had the effect of intoxicating him.    The levy of an occupation tax, and non-payment of a liquor license, was also proved by the State.

The one witness for the defense could not tell the ingredients of the Carolina Tulu Tonic.

No brief for appellant has reached the Reporters.

*J. H. Burts,* Assistant Attorney General, for the State

WILLSON, JUDGE.    This conviction was had upon an indictment, the charging portion of which is as follows, to wit:    "C. T. Rather and M. T. Collins, a mercantile firm, late of said county, on the first day of December, in the year of Our Lord, eighteen hundred and eighty-two, with force and arms, in the county aforesaid, did then and there, wilfully, unlawfully sell medicated bitters to Hat. Frank, contrary to law, and without obtaining license therefor; against the peace and dignity of the State."    Defendant excepted to the sufficiency of the indictment, upon several grounds.    The exceptions were overruled.    Trial and conviction ensued, and the punishment was assessed at a fine of three hundred dollars.

While it does not appear from the allegations in the indictment under what penal statute the pleader was proceeding, still we gather from the evidence and the charge of the court that the supposed offense for which defendant was being prosecuted is the one declared in Article 110 of the Penal Code, which reads as follows:    "Any person who shall pursue or follow any occupation, calling or profession, without first obtaining a license therefor, shall be fined in any sum not less than the amount of taxes so due, and not more than double that sum."

That the indictment is fatally insufficient to charge the offense denounced in the Article quoted, there can be no question.    It does not allege that the defendant pursued any taxable occupa-

tion without obtaining a license therefor. Such an allegation was necessary to a statement of the offense. It does not allege the amount of taxes due by the defendant for pursuing any occupation without license. It is the amount of taxes due that regulates the penalty for this offense, and it is absolutely essential that the indictment should specifically aver the same. (*Spears* v. *The State,* 8 Texas Ct. App., 467; *Archer* v. *The State,* 9 Texas Ct. App., 78; *Crews* v. *The State,* 10 Texas Ct. App., 292; *Sheffield* v. *The State,* 14 Texas Ct. App., 238.)

The judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*